it, UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY VINCENT LARD (2013-0606117), | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 10099 |
| | ) |
| | ) Hon. James B. Zagel |
| SUPERINTENDENT ARCE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Corey Vincent Lard, presently a pretrial detainee as Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Superintendent Arce and Correctional Officer Crosby, failed to protect him from an attack by another detainee. Defendants have moved for summary judgment. For the reasons stated below, Defendants' motion is granted.

### Background

Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts and served Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1.

Local Rule 56.1(b)(3) requires that the opposing party's response to the movant's statement of undisputed facts must respond to each numbered paragraph and include specific references to supporting materials for those statements that are disputed. L.R. 56.1(b)(3)(B). In addition, the opposing party must submit their own statement of any additional facts that require denial of summary judgment, including references to supporting materials to support the additional statement of additional facts. L.R. 56.1(b)(3)(C).

Plaintiff failed to respond in any manner to Defendants' motion, including failing to respond to Defendants' undisputed facts or submitting his own statement of any additional facts that require denial of summary judgment.

Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Given Plaintiff's failure to comply with Local Rule 56.1(b), Defendants' Local Rule 56.1(a)(3) statements are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008) (affirming the district courts's refusal to consider plaintiff's Rule 56.1 response that did not comply with local rule); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers*

*Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Smith v. Lamz,* 321 F.3d 680, 682-83 (7th Cir. 2003).

Based on the above, the pertinent facts are as follows:

Plaintiff was incarcerated at the Cook County Jail during the relevant time period. (Def.s' 56.1(a)(3) Statement ¶ 1.) Plaintiff was housed in Division I from June 6, 2013 to April 2014. (*Id.*, ¶ 3.) During his incarceration in Division I, Plaintiff was never involved in any fights or incidents with officers. (*Id.*, ¶ 4.) From Division I, Plaintiff was sent to segregation in Division IX, after he received a disciplinary ticket for a shank found in his cell. (*Id.*, ¶ 5.) Prior to May 23, 2014, Plaintiff did not have any problems with anyone on the segregation tier. (*Id.*, ¶¶ 7, 15.) Prior to May 23, 2014, there were no signs of trouble on the tier among the detainees. (*Id.*, ¶ 14.)

In segregation, detainees are allowed out of their cell for one hour a day. (*Id.*, ¶ 6.) Detainees are not told ahead of time what time they will be let out of their cell. (*Id.*, ¶ 26.) During the time outside their cell, the detainees are handcuffed. (*Id.*) There are two correctional officers assigned to segregation during each shift. (*Id.*, ¶ 7.) There are twenty-two cells located on the segregation tier in Division IX, Tier 1-H, and each cell houses two detainees. (*Id.*, ¶ 12.) The normal protocol in segregation is to let out the detainees housed in two adjacent cells at a time. (*Id.*, ¶ 13.)

On May 22, 2014, Plaintiff and another detainee, named "Lacey," got into an argument over Plaintiff having an extra dinner tray. (*Id.*, ¶ 19.) The next morning, Lacey punched Plaintiff while Lacey was handing out food trays and Plaintiff and Lacey fought. (*Id.*) Plaintiff was not seriously injured as a result of the fight. (*Id.*, ¶ 20.) No incident report or

3

disciplinary charges were filed regarding the fight, and Plaintiff did not file a grievance regarding the fight. (*Id.*, ¶¶ 21-22.) Plaintiff did not ask to be placed in protective custody after the fight as he felt that incident was "just a fight" and he did not think his life was in "danger." (*Id.*, ¶ 24.) Plaintiff did not plan any type of retaliation against Lacey and he thought the incident was going to be "swept under the rug." (*Id.*, ¶ 25.)

On May 25, 2014, Plaintiff was let out of his cell with his cellmate between 5:30 p.m. and 6:30 p.m. (*Id.*, ¶ 26.) At the time Plaintiff and his cellmate were let out of their cell, Lacey was already out of his cell and on the telephone in the dayroom. (*Id.*, ¶ 27.) Officer Crosby was on shift that evening on Plaintiff's tier. (*Id.*, ¶ 28.) Plaintiff told Officer Crosby that he was not supposed to be let out with Lacey. (*Id.*, ¶ 29.) Officer Crosby asked Plaintiff if he wanted to refuse to leave his cell; Plaintiff denied any intent to refuse and he existed his cell. (*Id.*, ¶ 30.) A detainee can refuse to come out of their cell. (*Id.*, ¶ 31.)

After being let out of their cell, Plaintiff and his cellmate went to the shower area. (*Id.*, ¶ 32.) While Plaintiff was in the shower, Officer Crosby loosened Lacey's handcuffs after Lacey complained they were too tight. (*Id.*, ¶¶ 37-38.) In order for Plaintiff to get out of the shower, Officer Crosby had to unlock a shower gate. (*Id.*, ¶ 35.) After Plaintiff was let out of the shower, he went to the dayroom. (*Id.*, ¶ 39.) At some point, Lacey ran toward Plaintiff with two blades. (*Id.*, ¶ 40.) Approximately two minutes passed between the time that Plaintiff was attacked by Lacey and the time that officers entered the tier. (*Id.*, ¶ 41.)

Between May 23 and May 25, Plaintiff did not say anything about the first incident to any officers because he did not want to seem like a snitch. (*Id.*, ¶ 42.) Plaintiff did not have any conversation with Superintendent Arce prior to the May 25 incident. (*Id.*, ¶¶ 44-45.)

4

**Analysis**

Jail officials have a duty to protect detainees from violence by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a defendant's failure to protect another inmate, a plaintiff must demonstrate that the defendant was deliberately indifferent to the fact that the plaintiff was in serious risk of being harmed. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Conduct by the defendant that is simply negligent or inadvertent is not actionable under Section 1983. Instead, the defendant must know of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Pinkston*, 440 F.3d at 889; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Actual knowledge of impending harm may be inferred from circumstantial evidence. *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005).

Here, Plaintiff has not demonstrated that Superintendent Arce had any knowledge of a previous incident between Plaintiff and Lacey (or any other detainee) or that Lacey posed a threat to Plaintiff's safety. Plaintiff does not dispute that he first spoke with Superintendent Arce after the incidents occurred. Accordingly, Superintendent Arce could not have been deliberately indifferent to Plaintiff's safety.

As to Officer Crosby, the undisputed facts show that Officer Crosby was not aware of the May 23 incident between Plaintiff and Lacey and no other incidents had occurred on the tier. Furthermore, Plaintiff himself did not believe that his life was in danger following the May 23 incident. The undisputed facts also show that after Plaintiff informed Officer Crosby that he should not be let out of his cell with Lacey, without any further elaboration, Plaintiff did not want

5

to remain in his cell as he could have and he voluntarily left his cell knowing Lacey was also out of his cell. In addition, even if the vague statement by Plaintiff was sufficient to put Officer Crosby on notice that Plaintiff feared Lacey, Officer Crosby offered Plaintiff a choice to stay in his cell. If Plaintiff believed it was safe to exit his cell, Officer Crosby had no reason to believe otherwise. *See Fisher*, 414 F.3d at 664 (if prisoner himself was surprised by assault by another prisoner, "it is safe to say that [defendant officer] was also surprised" and was therefore entitled to summary judgment). Based on the undisputed facts, Officer Crosby did not have knowledge of a substantial risk of serious harm to Plaintiff by Lacey.

For the foregoing reasons, Defendants' motion for summary judgment is granted. Even viewing the summary judgment record in the light most favorable to Plaintiff, the Court concludes that no reasonable person could find that Defendants acted with deliberate indifference to a serious risk of harm.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

6

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**Conclusion**

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment [27] is granted. The Clerk is directed to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 16, 2016